UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JAMIE SCOTT BROCK, | ) | |
|---|---|---|
| *Petitioner*, | ) | Case No. 3:25-cv-275 |
| v. | ) | Judge Atchley |
| BRIAN ELLER, | ) | Magistrate Judge Poplin |
| *Respondent*. | ) | |

## MEMORANDUM OPINION AND ORDER

Jamie Scott Brock ("Petitioner") filed a motion for leave to proceed *in forma pauperis* [Doc. 1] and a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 2]. For the reasons set forth below, Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, and this action will be **DISMISSED**.

As it appears from Petitioner's motion for leave to proceed *in forma pauperis* and Inmate Trust Fund Affidavit [*Id.* at 7] that he is unable to pay the filing fee, this motion is **GRANTED**.

In his petition, Petitioner alleges that his due process rights were violated during his efforts to obtain post-conviction review of his 2006 Claiborne County conviction of first-degree murder [*See, generally* Doc. 2]. More specifically, he claims that his initial post-conviction petition was improperly rejected [*Id.* at 12], that he was improperly punished for proceeding pro se [*Id.* at 14], and that the post-conviction court erred by dismissing his post-conviction petition without a hearing [*Id.* at 16]. But infirmities in post-conviction proceedings are not grounds for relief under § 2254. *See Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) ("[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review."). Instead, the writ of habeas corpus is the means to challenge "the underlying

state conviction giving rise to the prisoner's incarceration." *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986). Accordingly, Petitioner's claims challenging his post-conviction proceedings are not grounds for federal habeas relief, and these claims will be dismissed.

Even if the Court were to construe Petitioner's § 2254 petition as challenging his underlying state conviction, the Court notes he has previously filed an unsuccessful § 2254 petition challenging his 2006 Claiborne County conviction of first-degree murder. *Brock v. Sexton*, No. 3:11-cv-598, (E.D. Tenn. March 31, 2015). And a petitioner must have permission from the Sixth Circuit to file a second or successive habeas corpus petition. *See* 28 U.S.C. § 2244(b)(3)(A) (providing that before a petitioner may file a second or successive petition for habeas corpus relief, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application"). It is apparent that Petitioner has not received permission to file a second or successive habeas action.

Inasmuch as Petitioner seeks relief unavailable in a habeas proceeding and has otherwise not received permission from the Sixth Circuit to file any second or successive habeas petition, the Court will **DENY** relief and **DISMISS** the petition. Because the Court finds that jurists of reason would not debate whether the petition states a valid constitutional claim and whether the Court's procedural ruling is correct, a Certificate of Appealability ("COA") will not issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(1) (providing petitioner must obtain a COA before appealing a decision denying federal habeas relief). An appropriate judgment will enter.

SO ORDERED.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**